**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | | |
|---|---|---|
| STACY HART | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| WILLIAM C. GROSSMAN LAW, PLLC, | ) | **Jury Trial Demanded** |
| AND CACH, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as Defendants transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries

concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

**THE FAIR DEBT COLLECTION PRACTICES ACT**

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. §

1692e. *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

9. "To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. The Act is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir.2010) (internal quotation marks and citation omitted).

10. "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

11. "The purpose of the least-sophisticated-consumer standard, here as in other areas of consumer law, is to ensure that the statute protects the gullible as well as the shrewd." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008).

12. "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

13. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011)

(citing *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir.2006) (internal quotation omitted)).

14. "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d. Cir. 2008) (quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006)); *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007), *quoting Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996).

15. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

16. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

17. As such, "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees . . . requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016). Moreover, "[i]t also protects consumers . . . who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Id.*

18.     "If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the [FDCPA] by stating the 'balance' due." *Brill v. Fin. Recovery Servs., Inc.*, No. 4:10-CV-3121, 2010 WL 5825480, at *5 (D. Neb. Nov. 10, 2010) (quoting *Chuway*, 362 F.3d at 949).

19.     However, if "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use" language which explains "that the amount owed may vary if not paid immediately because of interest, late charges, or other charges that may apply as time passes . . . ." *Id.* at *5-6 (quoting *Chuway*, 362 F.3d at 949).

20.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides the amount of the debt.  *See* 15 U.S.C. § 1692g(a)(1).

21.     "It is not enough that the dunning letter state the amount of the debt that is due.  It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

## PARTIES

22.     Plaintiff Stacy Hart ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Lake, and City of Umatilla.

23.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

24.     Defendant William C. Grossman Law PLLC ("Grossman") is a professional service limited liability company that at all relevant times was engaged, by

use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

25. Grossman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

26. Defendant CACH, LLC ("CACH") is a Colorado limited liability company.

27. CACH is a debt buyer that regularly purchases large numbers of defaulted receivables, at deep discounts and profits by collecting the receivables at close to face value.

28. The principal purpose of CACH's business is to collect the debts that it purchases for profit.

29. At all relevant times, CACH was engaged, by use of the mails and telephone, in the business of, directly or indirectly, attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

30. CACH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

31. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Grossman.

32. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal credit account with First Bankcard (a division of First National Bank of Omaha) (the "Debt").

33. Grossman uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

34. CACH purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

35. CACH acquired Plaintiff's Debt when it was allegedly in default.

36. CACH retained Grossman to collect the Debt from Plaintiff on its behalf.

37. In connection with the collection of the Debt, Grossman sent Plaintiff a written communication dated September 13, 2016.

38. A true and accurate copy of Grossman's September 13, 2016 letter to Plaintiff is attached to this complaint as Exhibit A.

39. Grossman's September 13, 2016 letter was its initial communication with Plaintiff with respect to the Debt.

40. Grossman's September 13, 2016 letter identified the balance of the Debt as $1,782.27.

41. Grossman's September 13, 2016 letter failed to inform Plaintiff that Debt would increase due to accrued interest, fees, or other charges.

42. Subsequently, Grossman, on behalf of CACH, filed a lawsuit against Plaintiff.

43. A true and accurate copy of CACH's state court complaint against Plaintiff (excluding exhibits) is attached to this complaint as Exhibit B.

44. CACH's state court complaint against Plaintiff states that Plaintiff "owes [CACH] $1,782.27 plus interest and costs."

45. CACH's state court complaint indicates that interest (and costs) continue to accrue on the balance of the Debt.

46. Grossman's September 13, 2016 communication is misleading to the consumer who could readily conclude that the total account balance stated as due was due at any time, when in fact it was not, and was subject to adjustment on a periodic basis.

47. Whether the Debt was subject to accrual of interest or other charges is information material to the consumer in that it impacts their ability to intelligently choose their response to the collection activity.

48. The omission of that material information is especially prejudicial to the consumer where the increase in the balance is only revealed to the consumer after the 30-day time period to dispute the Debt, or any portion of the Debt, has expired.

49. Grossman's omission of material information in its September 13, 2016 initial communication would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

50. Thus, Grossman's September 13, 2016 initial written communication failed to clearly and effectively state the amount of the Debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

51. In the alternative, CACH's state court complaint against Plaintiff falsely represents that CACH and Grossman are entitled to collect pre-judgment interest on the Debt.

52. Thereafter, Grossman sent Plaintiff written communication dated December 21, 2016.

53. A true and accurate copy of Grossman's December 21, 2016 letter to Plaintiff is attached to this complaint as Exhibit C.

54. Grossman's December 21, 2016 letter again identifies the balance of the Debt as $1,782.27. Exhibit C.

55. Grossman's December 21, 2016 letter makes no reference to the interest or costs sought through the state court complaint.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## GROSSMAN

56. Plaintiff repeats and re-alleges each and every factual allegation above.

57. Grossman violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Grossman violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

*Complaint*
*Page 9 of 16*

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## CACH

58. Plaintiff repeats and re-alleges each and every factual allegation above.

59. Grossman violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

60. CACH, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Grossman—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CACH violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## GROSSMAN

61. Plaintiff repeats and re-alleges each and every factual allegation above.

62. Grossman violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Grossman violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(10)
### CACH

63. Plaintiff repeats and re-alleges each and every factual allegation above.

64. Grossman violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

65. CACH, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Grossman—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CACH violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692g(a)(1)
### GROSSMAN

66. Plaintiff repeats and re-alleges each and every factual allegation above.

67. Grossman violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its initial communication or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Grossman violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## CACH

68. Plaintiff repeats and re-alleges each and every factual allegation above.

69. Grossman violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its initial communication or within five days thereafter.

70. CACH, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Grossman—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CACH violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF FLA. STAT. § 559.72(9)
## GROSSMAN

71. Plaintiff repeats and re-alleges each and every factual allegation above.

72. Grossman violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Grossman violated Fla. Stat. § 559.72(9);

b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Grossman from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF FLA. STAT. § 559.72(9)
## CACH

73. Plaintiff repeats and re-alleges each and every factual allegation above.

74. CACH violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CACH violated Fla. Stat. § 559.72(9);

    b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

    d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

    e) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining CACH from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

    f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

    g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

75. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 10, 2017.

        Respectfully submitted,

        s/Russell S. Thompson IV
        Russell S. Thompson IV
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave. D106-618
        Mesa, AZ 85206
        Telephone: (602) 388-8898
        Facsimile: (866) 317-2674
        Email: rthompson@consumerlawinfo.com

        s/Joseph Panvini
        Joseph Panvini
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave. D106-618
        Mesa, AZ 85206
        Telephone: (602) 388-8875
        Facsimile: (866) 317-2674
        Email: jpanvini@consumerlawinfo.com